**Otto Herman MEYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40469.**

Court of Criminal Appeals of Texas.

July 12, 1967.

Rehearing Denied Oct. 11, 1967.

---

Phillip Bordages, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, life.

Since this conviction must be reversed because of jury misconduct, a recitation of the facts will not be deemed necessary. At the hearing on Motion for New Trial, appellant called Juror Gillit, who testified in part as follows:

"Q. What was said, if anything, about the length of time that the man would have to serve?

A. Well, there was a number of different sentences that was discussed if he was given such and such would he get this and so, and this went on through the line, *but it was definitely stated that he would not have to serve more than eight years if he got a life sentence.*"

\*     \*     \*     \*     \*     \*

"Q. And what statements did the juror make to you then?

A. Just that he knew definite, he did know that it would not be any longer than that."

The State made no effort to refute such testimony.

Article 40.03(7), Vernon's Ann.C.C.P. provides that a new trial shall be granted where the jury, having retired to deliberate on a felony case, has received other testimony.

The statement of a juror who claimed to know that the defendant would not have to serve more than eight years if given a life sentence, made while the jury was discussing the punishment they would assess, constituted "other testimony" and a misstatement of the law.

For the error pointed out, the judgment is reversed and the cause remanded.