**John Wesley McCOY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 13–88–407–CR, 13–88–408–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 29, 1989.

---

Hon. Roger Bridgewater, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Appellant, John Wesley McCoy, was charged in two separate indictments with aggravated robbery and aggravated kidnapping. Appellant plead guilty to both offenses, and the trial court assessed punishment at 35 years' confinement in accordance with a plea bargain agreement. The trial court further granted appellant permission to appeal the rulings on his pretrial motions. We affirm the judgments of the trial court.

By a sole point of error, appellant contends the trial court erred in denying his motion to quash "Indictment A" because the State failed to perform the statutory prerequisites for the return on an indictment in a case involving the certification of a juvenile defendant as an adult. Specifically, appellant's pretrial motion entitled "Motion to Quash Indictment Number A" sought to quash both of the above charges because no "complaint" was forwarded from the juvenile court to the grand jury before the return of the indictment and that no such "complaint" was contained in the court's record. *See* Tex.Fam.Code Ann. § 54.02(i) (Vernon 1986). Appellant argues that the indictments were therefore void.

The record reveals that the State filed a petition in the 314th District Court, Harris County, alleging appellant committed numerous acts of delinquent conduct, including aggravated robbery and aggravated kidnapping. Because of appellant's age, the State filed a motion to waive juvenile jurisdiction, and requested a transfer of jurisdiction to a criminal district court to try appellant as an adult. Various documents were tendered to the trial court in accordance with Tex.Fam.Code Ann. § 54.02 (Vernon Supp.1989), including a sworn statement from the victim in which she describes, in detail, the events that transpired. After a hearing on the State's motion, the trial judge entered an order waiving juvenile jurisdiction. The 351st District Court, Harris County, assumed jurisdiction. After appellant waived his right to an examining trial, the documents were submitted to a grand jury who indicted appellant for aggravated robbery and aggravated kidnapping. Appellant was ultimately convicted for the above crimes.

Tex.Fam.Code Ann. § 54.02 (Vernon 1989) governs how a juvenile court may waive its exclusive original jurisdiction and transfer a child to a criminal district court for criminal proceedings. This section sets forth a procedure wherein: (1) the juvenile court determines whether to waive juvenile jurisdiction; (2) the criminal district court where the child is transferred determines whether to refer the case to the grand jury or to hold an examining trial and possibly remand the case back to the juvenile court; and (3) a grand jury determines whether to indict for the felony offense charged in the "complaint" forwarded by the juvenile court. Section 54.02, however, does not specify what actually constitutes a "complaint" before the juvenile court and the Texas Code of Criminal Procedure does not apply to a child until *after* the juvenile

court has waived jurisdiction. We have neither found nor been cited to any case authority on this issue.

Tex.Fam.Code Ann. § 53.045 (Vernon Supp.1989) states that "the prosecuting attorney may refer the "petition" to the grand jury," but does not mention the need for any "complaint." However, there is no requirement that the petition be sworn to by the prosecuting attorney. *See R.E.M. v. State*, 569 S.W.2d 613, 617 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); Tex.Fam. Code Ann. § 53.04 (Vernon 1986). Therefore, the petition is certainly not analogous to a complaint as contemplated by Tex. Code Crim.Proc.Ann. art. 15.04 (Vernon 1974).

The grand jury is impaneled to inquire into offenses liable to indictment and, after reviewing all relevant evidence, to vote on the presentment of an indictment. Tex.Code Crim.Proc.Ann. art. 20.19 (Vernon 1977). Although the evidence presented need not take any particular form, the grand jury will ultimately determine the competency and sufficiency of the evidence for the return of an indictment. *Barnes v. State*, 134 Tex.Cr. 461, 116 S.W.2d 408, 409 (Tex.Crim.App.1938). It is well established, however, that the courts will not go behind the actions of a grand jury to determine whether sufficient evidence existed to justify the return of an indictment; rather, an indictment, valid on its face, is sufficient to mandate trial on the merits. *Ex parte Port*, 674 S.W.2d 772, 779 (Tex.Crim.App.1984); *Tarpley v. State*, 565 S.W.2d 525, 532 (Tex.Crim.App. 1978).

We are not permitted to review what, if anything, was presented to the grand jury regarding the indictments in this appeal. This necessarily includes the determination of whether a complaint was forwarded by the juvenile court to the grand jury. However, even if we could review those materials, the record on appeal includes a notarized sworn statement of the victim which clearly fulfills any requirement for a specific complaint. *Cf.* Tex.Code Crim.Proc. Ann. art. 15.04 (Vernon 1974); *Matter of P.A.C.*, 562 S.W.2d 913, 915–16 (Tex.Civ.

App.—Amarillo 1978, no writ). Therefore, the trial court did not err in refusing to quash the indictments. We overrule appellant's point of error.

The judgments of the trial court are AFFIRMED.