NUMBER 13-97-770-CR 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

____________________________________________________________________ 



FRANK JAMES BAKER, III, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

____________________________________________________________________ 



On appeal from the 24th District Court of Victoria County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Hinojosa and Yañez 

Opinion by Justice Yañez 



A jury convicted appellant, Frank James Baker III, of aggravated perjury.(1) The trial court assessed punishment at five years
imprisonment, suspended the sentence, and ordered community supervision. Appellant raises
sixteen points of error challenging his conviction and punishment. We affirm. 

Appellant was a lawyer who represented clients in Victoria County. On December 2, 1994,
appellant appeared in the 377th District Court in Victoria County on behalf of
a client. The matter was reset for December 8, 1994. Appellant failed to appear in court
on December 8, 1994 and the court issued a writ of attachment. The sheriff brought
appellant to the court pursuant to the writ. The court held appellant in contempt,
sentenced him to five days in the Victoria County jail, and provided him the opportunity
to post a personal bond and request a hearing. 

At a subsequent contempt hearing, appellant testified one reason he did not appear in
court on December 8, 1994 was because his car had broken down in Houston and he had
transportation problems. In support of his testimony, appellant provided a copy of an
invoice dated December 6(2) from Smitheys Wrecker Service
(sic), indicating the company had towed a 1985 Chrysler from Houston to Bay City. The
invoice also had "Paid" and "Thank you" handwritten on it. Appellant
was later charged with aggravated perjury for claiming his automobile was towed by
Smithey's Wrecker Service on December 6, 1994. 

The evidence at trial showed appellant did not have his car towed on December 6, 1994
by the company named on the invoice. James Smithey, owner of Smithey's Wrecker Service
until August 1994, testified appellant requested a blank invoice in October 1994,
apparently because he had lost a prior receipt and needed it for insurance purposes.
Smithey's wife provided appellant the invoice and wrote "Paid" and "Thank
you" on it and explained to appellant how to complete the invoice. The evidence also
showed Smithey's Wrecker Service was purchased by Williams Wrecker Service in August 1994.
Even though the business still operated under the name "Smithey's," and its
invoices had "Smitheys (sic) Wrecker Service" on them, the evidence showed the
new owner designed and utilized different invoices. 

In points of error five, six, and seven, appellant argues that the evidence was
insufficient to sustain his conviction. In conducting a legal sufficiency review, we view
the evidence in the light most favorable to the jury's verdict, and determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). 

To establish the offense of aggravated perjury, the State was required to prove
appellant: (1) with intent to deceive and (2) with knowledge of the statement's meaning,
(3) made a false statement under oath (4) that was required or authorized by law to be
made under oath, (5) in connection with an official proceeding, (6) and that the false
statement was material. See Tex. Penal Code Ann. 37.02.--03; Bonilla v.
State, 933 S.W.2d 538, 540 (Tex. App.--Houston [1st Dist.] 1995, no pet.);
Terrell v. State, 801 S.W.2d 544, 547 (Tex. App.--Houston [14th Dist.] 1990, pet.
ref'd). 

On appeal, appellant argues the evidence is insufficient to prove he knowingly made a
false statement with the intent to deceive. In support of this point, he argues it would
have been ridiculous for him to manufacture a story about being towed on December 6, when
the date at issue was December 8. Appellant also contends he was simply mistaken as to who
towed the vehicle and the actual date of the tow. Appellant raises the mistake of fact
argument in a separate point of error and, therefore, we will address this argument later
in the opinion. 

Because mental culpability, by its nature, generally must be inferred from the
circumstances under which the prohibited act occurred, the trier of fact may infer intent
from any facts in evidence which tend to prove the existence of such intent. Hernandez
v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). A jury can infer knowledge or
intent from the acts, conduct, and remarks of the accused and from the surrounding
circumstances. Withers v. State, 994 S.W.2d 742, 746 (Tex. App.--Corpus Christi
1999, pet. ref'd); McGuire v. State, 707 S.W.2d 223 (Tex. App.--Houston [14th
Dist.] 1986, pet. ref'd). Where conflicting inferences may be drawn from the evidence,
intent is a matter for the jury to discern. Bonilla, 933 S.W.2d at 540. 

The evidence at appellant's aggravated perjury trial showed that during the course of
the contempt hearing, appellant testified on direct examination that he had had ongoing
problems with his 1985 Chysler and that he was pursuing legal action against the dealer
who sold him the vehicle. During cross-examination, the prosecutor asked appellant if he
had "documentation of some type of car trouble between December 2nd and
December 8th of 1994." Appellant stated he had a letter concerning the
settlement of his case against the dealer. The court then recessed for lunch. Upon
resuming the cross-examination, the assistant district attorney asked if appellant was
able to find any documentation indicating car trouble related to his nonappearance on
December 8, 1994. Appellant indicated he had. The assistant district attorney asked to see
the document and appellant complied, stating, "This is a wrecker service from Houston
to Bay City dated December 6. . ." 

The assistant district attorney who questioned appellant at his contempt hearing
testified at the instant trial that she was suspicious of the invoice because appellant
had not introduced it during direct examination and because it was produced immediately
after the lunch break. She explained that as a matter of sound strategy, evidence
supporting a defendant's position is usually submitted during direct examination. 

The evidence at trial further showed that neither Smithey's nor Williams's wrecker
services actually towed appellant's vehicle on December 6. Appellant was given a blank
Smithey's invoice with the words "Paid" and "Thank you" handwritten on
it by James Smithey's wife. The invoice produced by appellant at his contempt hearing was
identified as an invoice utilized when James Smithey owned the business. 

The record also contains an invoice dated December 12, 1994 indicating appellant's
vehicle was towed from Houston to Bay City by Eagle Wrecker Service. Tom O'Brien, the
dealer who sold appellant the Chrysler, stated that he authorized and paid for this tow.
O'Brien stated that because of the potential for litigation, he had instructed his
employees to forward all requests or concerns about the Chrysler to him, and therefore, he
would have been the only one at the dealership to have authorized a tow. O'Brien did not
recall authorizing a tow of appellant's vehicle earlier in December 1994. However, he
recalled authorizing a tow in September or October 1994. 

Based on this evidence, we conclude a rational juror could have found the requisite
intent beyond a reasonable doubt. 

Appellant also argues in his brief that "the State failed to prove that the
Smithey's Wrecker Invoice was a 'false document.'" We disagree with appellant's
assertion that the State was required to prove the invoice was a "false
document." Rather, the State's burden was to prove appellant made a material false
statement. 

For purposes of the statute, a "statement" means "any representation of
fact." See Tex. Penal Code Ann. 37.01 (3) (Vernon Supp. 2000). To satisfy
the materiality requirement under the perjury statute, a statement need not actually
affect the course or outcome of the proceeding. Mitchell v. State, 608 S.W.2d
226, 228 (Tex. Crim. App. 1980). A statement is material if it could have
affected the course or outcome of the official proceeding. See Tex. Penal Code
Ann. 37.04 (a) (Vernon 1994). Materiality is a question of law, not fact. See
Tex. Penal Code Ann. 37.04 (c) (Vernon 1994). A statement is material where it is
"calculated to incline the jury to give 'more ready credit to the substantial
fact.'" Mitchell, 608 S.W.2d at 228. 

There was evidence from which a rational jury could conclude beyond a reasonable doubt
that appellant made a false representation about Smithey's towing his vehicle on December
6. The evidence showed Smithey's never towed appellant's vehicle on December 6, 1994.
Appellant had been given a blank Smithey's invoice which was substantially the same as the
invoice in question. The invoice produced by appellant did not correspond with the type of
invoice utilized by Smithey's in December 1994. 

As to whether the representation was material, both the judge who presided over the
contempt hearing and the assistant district attorney who prosecuted the case testified
appellant's statement could have affected the course or outcome of the contempt
proceeding. Appellant's representation about car trouble and the accompanying proof in
support of this claim, the invoice, may have inclined the factfinder to give more ready
credit to appellant's reason for not appearing in court on December 8, 1994. We agree that
whether or not appellant's vehicle was towed by Smithey's on December 6 was material to
the contempt proceeding. 

Appellant next complains that while "the State was trying to prove that the
vehicle was not towed at all during the relevant time period," it only proved that
"the Smithey's Invoice did not represent the actual tow in question." We
construe this argument, which is related to appellant's mistake of fact argument, to
suggest that the State was required to prove that no wrecker service towed appellant's
vehicle on December 6, 1994. Appellant cites no authority for his argument. See Tex.
R. App. P. 38.1(h). Appellant's representation was that Smithey's towed the vehicle on
December 6, 1994. The evidence showed Smithey's did not. Appellant's argument is without
merit. 

Viewing the evidence in the light most favorable to the verdict, we conclude a rational
trier of fact could have found all the elements of the offense beyond a reasonable doubt.
Points of error five, six, and seven are overruled. 

In point of error number one, appellant challenges the constitutionality of the statute
defining materiality. Section 37.04(a) provides: "A statement is material, regardless
of the admissibility of the statement under the rules of evidence, if it could have
affected the course or outcome of the official proceeding." See Tex. Penal
Code Ann. 37.04 (a) (Vernon 1994). Appellant argues because the State is only required to
show the evidence could have affected the course or outcome of the official
proceedings, then the defendant is required to show that the statement did not
affect the course or outcome. Appellant asserts that as a practical matter, the defendant
is required to prove the statement's "immateriality." 

When an individual challenges the constitutionality of a statute, this Court begins
with the presumption that the statute is valid and that the Legislature did not act
unreasonably or arbitrarily in enacting it. Ex parte Granviel, 561 S.W.2d 503,
511 (Tex. Crim. App. 1978). Thus, it is the individual's burden to establish the statute's
unconstitutionality. Id. Appellant cites no authority to support his argument.
Appellant has failed to meet his burden. Point of error number one is overruled. 

In points of error two and ten, appellant asserts that his mistake about a fact
essential to culpability negates guilt and that the trial court erred in not charging the
jury on mistake of fact. "Mistake of fact" is a statutory defense. See
Tex. Penal Code Ann. 8.02 (Vernon 1974). The Texas Penal Code provides: "It is a
defense to prosecution that the actor through mistake formed a reasonable belief about a
matter of fact if his mistaken belief negated the kind of culpability required for
commission of the offense." Appellant essentially argues that he formed a reasonable
belief that the December 6 invoice represented an actual tow, and therefore, his
culpability was negated. 

A defendant has the right to a jury instruction on any defensive issue raised by his
own testimony or otherwise. Miller v. State, 815 S.W.2d 582, 585 (Tex. Crim. App.
1991) (opinion on rehearing); Bang v. State, 815 S.W.2d 838, 841-42 (Tex.
App.--Corpus Christi 1991, pet. denied). A defendant need not testify to raise the issue
of mistake of fact. Woodfox v. State, 742 S.W.2d 408, 410 (Tex. Crim. App. 1987).
When a charge on a defensive theory, such as mistake of fact, is properly requested, the
trial court must so charge the jury. Willis v. State, 790 S.W.2d 307, 314 (Tex.
Crim. App. 1990). 

Assuming the evidence adduced at trial raised the defense of mistake of fact,(3) appellant never requested a jury charge on this defense.
Appellant failed to preserve these points for appellate review. See Vasquez v. State,
919 S.W.2d 433, 435 (Tex. Crim. App. 1996) (to preserve error relating to the jury charge
there must either be an objection or a requested charge). Points of error two and ten are
overruled. 

By his third point of error, appellant asserts the trial court erred in overruling his
motion to dismiss based on article 32A.02 of the code of criminal procedure, "The
Speedy Trial Act." The court of criminal appeals declared this statute
unconstitutional and void in its entirety in Meshell v. State, 739 S.W.2d 246,
257 (Tex. Crim. App. 1987), because it conflicts with the Texas Constitution's separation
of powers provision. An unconstitutional statute is void from its inception and cannot
provide the basis for any relief. Harris v. State, 827 S.W.2d 949, 956 (Tex.
Crim. App. 1992); Robinson v. State, 739 S.W.2d 795, 797 (Tex. Crim. App. 1987).
Point of error number three is overruled. 

In point of error four, appellant complains the trial court erred in overruling his
motion showing a "particularized need" to inspect the grand jury minutes. Even
though grand jury proceedings are secret, the code of criminal procedure allows a
defendant to petition the court to order disclosure of grand jury information. See Tex.
Code Crim. Proc. Ann. art. 20.02(d) (Vernon Supp. 2000). "The court may
order disclosure of the information, recording, or transcription on a showing by the
defendant of a particularized need." Id. (Emphasis added). We note
that the language of the statute is not mandatory, and therefore, disclosure of grand jury
information is within the sound discretion of the trial court. 

To preserve a complaint for appellate review, the record must show the trial court
ruled on the motion either expressly or implicitly; or refused to rule on the motion and
the complaining party objected to the refusal. See Tex. R. App. P. 33.1
(a)(2)(A), (B). The record before us does not indicate that the trial judge ruled on
appellant's motion, or refused to rule on the motion over appellant's objection. This
point of error has not been preserved for our review. Even if the point had been properly
preserved, however, we cannot say appellant demonstrated a "particularized need"
in his motion. The trial court did not err in failing to order disclosure of the grand
jury minutes. Point of error number four is overruled. 

In point of error number eight, appellant complains his due process rights were
violated because the State withheld from him "exculpatory" evidence,
specifically a receipt from Eagle Wrecker Service dated December 12, 1994. Appellant also
complains this "exculpatory" material was improperly secreted from the grand
jury, but does not specifically challenge the trial court's failure to grant his motion to
set aside the indictment. 

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the United States Supreme Court
held the suppression by the prosecution of evidence favorable to the accused violates due
process when the evidence is material to either guilt or punishment, irrespective of the
good faith or bad faith of the prosecution. Id. at 87; see also Thomas
v. State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992). The Texas Court of Criminal
Appeals has articulated a three-part test to determine if the accused has made out a valid
Brady claim: (1) the State must fail to disclose evidence; (2) that is favorable
to the accused; and (3) that is material to the defense. Ex parte Kimes, 872
S.W.2d 700, 702-03 (Tex. Crim. App. 1993). The State is not required to furnish the
accused with exculpatory or mitigating evidence that is equally available to him. Jackson
v. State, 552 S.W.2d 798, 804 (Tex. Crim. App. 1976); Herrera v. Collins,
954 F.2d 1029, 1032 (5th Cir.1992), aff'd, 506 U.S. 390 (1993). 

Appellant has failed to establish the elements of a successful Brady claim.
The receipt, which represents evidence appellant had knowledge of, merely indicates
appellant had his vehicle towed six days after he was scheduled to appear in
court. The evidence in question does not appear to be either exculpatory or material.
Moreover, the evidence was not withheld by the State because the receipt was in fact
introduced as an exhibit by the defense at trial. 

Appellant's complaint about failing to provide the grand jury with evidence favorable
to him is in the nature of a challenge to the proceedings of the grand jury. If an
indictment is valid on its face, an appellate court may not go behind the indictment to
determine whether the indictment was properly returned or to review alleged procedural
errors in its presentment. DeBlanc v. State, 799 S.W.2d 701, 706 (Tex. Crim. App.
1990); Dean v. State, 749 S.W.2d 80, 82 (Tex. Crim. App. 1988); McCoy v.
State, 773 S.W.2d 777, 778 (Tex. App.--Corpus Christi 1989, pet. ref'd) (appellate
court not permitted to review what, if anything, was presented to the grand jury regarding
the indictments); see Sandoval v. State, 842 S.W.2d 782, 789 (Tex. App.--Corpus
Christi 1992, writ ref'd) (unclear whether quashing indictment is statutorily authorized
where prosecutor secrets exculpatory material from the grand jury). Point of error number
eight is overruled. 

By his next point of error, appellant contends the State engaged in improper jury
argument. To preserve improper jury argument complaints for appeal, a defendant must
object and pursue the objections until he receives adverse rulings. Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Limas v. State, 941 S.W.2d 198, 203
(Tex. App.--Corpus Christi 1996, pet. ref'd). In this case, appellant did not object to
any of the allegedly improper jury argument. Accordingly, we overrule appellant's ninth
point of error. 

In his eleventh point of error, appellant argues the trial court erred in failing to
pronounce him guilty. Appellant again cites no authority to support his argument. Even
though the record includes no verbal pronouncement of guilt, it does contain a judgment
which affirmatively reflects a finding of guilt. See Watson v. State, 974 S.W.2d
763, 764 (Tex. App.--San Antonio 1998, pet. ref'd) (trial court did not err in failing to
explicitly verbalize finding of guilt and record contained judgment finding guilt). We
overrule point of error eleven. 

In point of error thirteen, appellant argues the trial court erred in overruling his
first motion for new trial because the jury discussed the defendant's failure to testify
during deliberations. The failure of a defendant to testify may not be considered by the
jury in its deliberations. Stewart v. State, 206 S.W.2d 88, 89 (Tex. Crim. App.
1947); Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979). To constitute reversible
error, the reference to the defendant's failure to testify must amount to a discussion by
the jurors or be used as a circumstance against the accused. Kopanski v. State,
713 S.W.2d 188, 191 (Tex. App.--Corpus Christi 1986, no pet.) (citing Powell v. State,
502 S.W.2d 705 (Tex. Crim. App. 1973)). A casual reference by jurors to the failure of the
accused to testify does not vitiate the verdict. Carillo v. State, 566 S.W.2d
902, 914 (Tex. Crim. App. 1978); Kopanski, 713 S.W.2d at 191. 

The trial court charged the jury in the instant case not to consider appellant's
failure to testify as a circumstance of guilt. Attached to a motion for new trial,
appellant submitted the affidavit of juror Irene R. Garcia, stating she told appellant's
attorney "that the jury discussed the fact that Mr. Baker did not testify and that
the jury thought he should have testified." At the hearing on the motion for new
trial, appellant offered the affidavit into evidence, but called no witnesses to testify.
The State elicited testimony from two other jurors that the jury never discussed
appellant's failure to testify prior to reaching its verdict. The evidence also showed
that after the jury sent a note to the judge advising him it had reached a verdict, one
juror commented appellant had not taken the stand to defend himself. The reference to
appellant's failure to testify did not amount to a discussion, nor was it used as a
circumstance in reaching the verdict. The trial court did not abuse its discretion in
overruling the motion for new trial. Point of error number thirteen is overruled. 

In his next point of error, appellant complains the trial court erred in failing to
rule on its second motion for new trial on the basis of new evidence establishing
appellant was incompetent at the time he committed the offense. We reject this argument. 

A defendant must file a motion for new trial no later than thirty days after the trial
court imposes or suspends sentence in open court. See Tex. R. App. P. 21.4(a).
Within the thirty-day period and before the trial court overrules the motion for new
trial, the defendant may file one or more amended motions for new trial. See Tex.
R. App. P. 21.4(b). A trial court has no jurisdiction to consider an untimely motion for
new trial. Fowler v. State, 803 S.W.2d 848, 849 (Tex. App.--Corpus Christi 1991,
no pet.) (citations omitted). A trial court lacks jurisdiction to rule on a motion for new
trial after the expiration of seventy-five days from the date sentence is imposed or
suspended in open court. Id. 

Appellant's second motion for new trial was untimely. The court imposed sentence on
August 28, 1997 and appellant's first motion for new trial was filed the same day. The
court held a hearing on the motion for new trial on October 3, 1997, at which time it
overruled the first motion for new trial. Appellant's second motion for new trial was
filed on December 18, 1997, one hundred twelve days after appellant's sentence was
suspended in open court. The trial court did not err in failing to rule on appellant's
second motion for new trial. We overrule point of error number fourteen. 

By his twelfth, fifteenth and sixteenth points of error, appellant alleges the trial
court committed error during the punishment phase of the trial. Specifically, he alleges
it was error for the trial court to consider personal knowledge of appellant's prior
misconduct, to rely on a pre-sentence investigation report (PSIR) prepared two years
before sentencing, and to deny appellant's motion for continuance. 

At the punishment hearing, the State called three witnesses. Dan Gilliam, a Victoria
County assistant district attorney, testified about an allegation made by appellant that
Gilliam attempted to assault him on a prior occasion. Gilliam stated that he never
attempted to strike appellant during the verbal confrontation. On cross-examination,
appellant's trial counsel tried to impeach Gilliam by asking about the testimony of other
witnesses at a grievance committee hearing, but the witness stated he had no personal
knowledge of the witnesses' testimony. At this point, appellant's counsel requested a
continuance, stating only "[t]here clearly is a difference in statements at the
hearing I recall, at the State Bar Grievance---" Counsel did not claim surprise. No
written motion for continuance was filed. Two other witnesses testified on behalf of the
State about appellant's prior convictions for reckless driving and making a false report. 

Appellant called one witness at the punishment hearing. Tammy Baker, appellant's
mother, testified about appellant's health problems and financial situation. She indicated
appellant had undergone back surgery and experienced a great deal of pain. Mrs. Baker
stated community service restitution hours would be difficult for appellant due to his
medical condition, but she felt he could perform his community service restitution sitting
in his wheelchair. She also stated appellant was unable to sit in his wheelchair for
extended periods. 

The trial judge then sentenced appellant to five years imprisonment, suspended his
sentence, placed him on community supervision, and advised him of some of the conditions
of his community supervision. One condition of probation required appellant to perform 200
hours of community service restitution. The trial judge specifically asked the community
supervision department to find community service that would not be injurious to
appellant's health. Finally, the trial judge stated, "I'm not sure it was alluded to
in the past, but I have the inclination that there has been some kind of substance abuse
in the past." The trial judge did not order appellant to participate in a substance
abuse program, but stated that the community supervision department could return to court
to request that such a condition be imposed. 

Appellant argues the trial judge erred in relying on evidence outside the record, his
personal knowledge, in assessing punishment. The record does not show the trial judge
relied on his personal knowledge in imposing the sentence. After assessing punishment, the
trial judge merely commented he was inclined to believe a substance abuse problem may have
existed. Moreover, appellant has not demonstrated harm. See Tex. R. App. P. 44.2
(b) (requiring appellate court to disregard non-constitutional error not affecting
substantial rights). The trial judge in fact refrained from ordering any substance abuse
treatment as a condition of probation. Point of error number twelve is overruled. 

Appellant next complains it was error for the trial court to use a PSIR prepared in
1995, two years before appellant's appearance for sentencing. Appellant's primary concern
under this point is that his medical condition, which apparently had deteriorated since
1995, raised serious questions about his ability to perform community service and this was
not addressed in the PSIR. Again, appellant cites no authority for his argument. 

The code of criminal procedure provides that before the imposition of sentence by a
judge in a felony case, the judge shall direct a supervision officer to report to the
judge in writing on the circumstances of the offense, the amount of restitution necessary
to adequately compensate the victim, the criminal and social history of the defendant, and
any other information related to the defendant or the offense requested by the judge. See
Tex. Code Crim. Proc. Ann. art. 42.12, 9(a) (Vernon Supp. 2000). Even though the PSIR
in the present case does not contain information about appellant's current medical
condition, appellant had the opportunity to present this evidence at the punishment
hearing. Appellant's mother testified about his medical condition. Mrs. Baker suggested
that while appellant might be limited in his ability to perform community service
restitution hours, she felt he would be "an asset to young people." Upon
sentencing, the trial judge stated he thought appellant could "do something within
[his] health limitations that will be of benefit to the community. . . I'm going to ask
the probation department--the community supervision department to find things that you can
do that would not be injurious to your health." We find no error in the trial court
failing to order another PSIR. 

Even if there was error, appellant has failed to show the requisite harm. See Tex.
R. App. P. 44.2(b). The record shows the trial court considered appellant's medical
condition in assessing punishment and in ordering conditions of community supervision.
Point of error number fifteen is overruled. 

Finally, in requesting a continuance during the punishment phase of trial, appellant
failed to make a written and sworn motion for continuance, see Tex. Code Crim.
Proc. Ann. arts. 29.03, 29.08 (Vernon 1989), nor did appellant attempt to make a showing
of prejudice based on an unforseen occurrence. See Tex. Code Crim. Proc. Ann.
art. 29.13 (Vernon 1989); Cooper v. State, 509 S.W.2d 565, 567 (Tex. Crim. App.
1974). Any possible trial error associated with this issue has not been preserved for
review. See Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App.
1995) (where continuance not written and sworn error was unpreserved); O'Neal v. State,
623 S.W.2d 660, 661 (Tex. Crim. App. 1981) (denial of oral motion for continuance presents
nothing for review). Point of error number sixteen is overruled. 

The judgment of the trial court is affirmed. 





___________________________________ 

LINDA REYNA YAÑEZ 

Justice 





Do not publish. Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 23rd day of March, 2000. 

1. See Tex. Penal Code Ann. 37.03 (Vernon 1994). 

2. There was some question at trial as to whether the year on the
invoice was 1991 or 1994. 

3. Appellant's mother, Tammy Baker, testified her son was stranded
in Houston because his car had broken down from December 6 to December 12, 1994, when he
returned to Bay City by obtaining a ride from the wrecker service which towed his vehicle.
An invoice from Eagle Wrecker Service dated December 12, 1994, evidencing a tow from
Houston to Bay City, was also admitted into evidence.