NO. 07-03-0437-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 30, 2004



______________________________




DAVID CAFFERY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 98-05-00463-CR; HONORABLE KATHLEEN A. HAMILTON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to a plea of guilty, appellant David Caffery was convicted of two counts of
aggravated sexual assault of a child and sentenced by a jury to concurrent 20 year
sentences and $5,000 fines. Presenting three issues, appellant contends the trial court
erred (1) in failing to sua sponte withdraw his guilty plea and enter a plea of not guilty after
he testified before the jury during the punishment hearing that he had no memory of
committing the offenses charged, (2) by directing the jury to find him guilty, and (3) by
interviewing the complaining witness and two of the State's other witnesses in camera
without notice to him or his attorney or without him or his attorney being present prior to
deciding to reject a proposed plea bargain and prior to a determination of guilt or
innocence. We affirm.

 Appellant's contentions require only a brief review of the events in the trial court. 
Shortly prior to July 25, 2003, the State and appellant reached a plea bargain agreement
under which he would plead guilty in exchange for a 10 year sentence. On Friday, July 25,
2003, appellant and his counsel appeared before the court with the State's attorney to "do
the plea." While appellant's counsel was appearing in another court, and without
knowledge or consent, the trial court conducted an in camera interview of the victim and
her family members in her chambers out of the presence of the court reporter, State's
counsel, or appellant. When counsel returned to the courtroom, the trial court informed
counsel that she was aware of the plea bargain, but announced she declined to accept it. 
The case was then set for trial on punishment the following Monday. On Monday morning
when the case was called both sides announced ready. After appellant's plea was
received and the signed admonitions and stipulations were admitted into evidence without
objection, the case was presented to the jury for punishment. 

 By his first issue, appellant contends the trial court erred in failing to sua sponte
withdraw his guilty plea and enter a plea of not guilty after he testified before the jury during
the punishment hearing that he had no memory of committing the offenses charged. By
his second issue, he contends the trial court erred by directing the jury to find him guilty. 
Considering these two issues together, we disagree.

 In addition to the standard admonishments, appellant signed a stipulation of
evidence and judicially confessed the facts alleged in the indictments. These stipulations
were verified by his oath administered by the court clerk. Also, the written stipulations and
admission of facts signed by appellant were approved by his counsel. Notwithstanding
counsel's able briefing, at the time he prepared appellant's brief, he did not have the
benefit of Mendez v. State, 138 S.W.3d 334, 350 (Tex.Cr.App. 2004) (en banc), issued on
June 30, 2004. The authorities relied on by appellant are not controlling because under
Mendez, the trial court does not have a duty to change a defendant's plea on its own
motion. Issues one and two are overruled.

 By his third issue, appellant contends the trial court erred by interviewing the
complaining witness and two of the State's other witnesses in camera without notice to him
or his attorney or without him or his attorney being present prior to deciding to reject a
proposed plea bargain and prior to a determination of guilt or innocence. With
commendable professional candor, the State does not challenge appellant's assertion of
error, but contends the error was not preserved for review. We agree with the State. 

 The trial court informed appellant's counsel of the in camera conference with the
victim and family members on July 25, 2003. When the case was called for trial, (1)
appellant's counsel announced ready and the trial commenced without any objection. 
Although by his motion for new trial and argument here appellant suggests that the judge
should have been recused to hear the case, by his failure to present a motion to recuse,
he waived any error. See Arnold v. State, 853 S.W.2d 543, 544-45 (Tex.Cr.App. 1993). 
Similarly, any grounds for mistrial were waived by appellant's failure to move for mistrial
before announcing ready. See Powell v. State, 502 S.W.2d 705, 711 (Tex.Cr.App. 1973). 
Issue three presents nothing for review and is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. The in camera conference by the judge with the victim and family members and the 
report to counsel of the conference and her decision to reject the plea bargain appears in
the reporter's record made during the evidentiary hearing on appellant's motion for new
trial.



y="70" SemiHidden="false"
 UnhideWhenUsed="false" Name="Dark List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00496-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
21, 2011

 



 

PATRICK GARCIA, APPELLANT

 

v.

 

DICKENS COUNTY, CITY OF SPUR,

SPUR INDEPENDENT SCHOOL DISTRICT

IN THEIR OFFICIAL CAPACITY, APPELLEES 



 



 

 FROM THE 110TH DISTRICT COURT OF DICKENS
COUNTY;

 

NO. 4473; HONORABLE J. BLAIR CHERRY, JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appearing pro se, Patrick Garcia attempts to appeal a summary judgment order
dismissing all claims he asserts against appellee Dickens County.  Finding the summary judgment order does not
dispose of all parties to the litigation and is not an appealable interlocutory
order, we dismiss the appeal for want of appellate jurisdiction. 

According to the record, on July 23,
2010, Garcia filed suit against the county seeking reformation of a deed to
real property he acquired at a tax sale. 
The county answered on August 30. 
On October 7, it filed a motion for summary judgment contending Garcias
claims are barred by limitations and a deed reservation Garcia complains of is
permitted by statute.  The same day, the
county filed a motion to dismiss, in which it pointed out the City of Spur
and the Spur Independent School District also were grantors under the tax deed
to Garcia and that he had failed to join those entities.  Garcia filed an amended petition on October
21 naming the city and the school district as parties to his suit.

In response to the countys motion
for summary judgment, the trial court signed an order on November 1, dismiss[ing] all claims asserted by Patrick Garcia against
Dickens County.  Garcia filed a notice
of appeal on November 30.  Now before us
is a motion filed by the county requesting dismissal of the appeal on the
ground that the trial courts order of November 1 does not dispose of Garcias
claims against the city and the school district, and thus is an unappealable
interlocutory order.  Garcia has filed a
response.  

            Generally,
an appeal may be taken only from a final judgment.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (stating
rule).  A judgment is final for purposes
of appeal if it disposes of all pending parties and claims.  Id. at
191; North East Independent School Dist.
v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); see Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995)
(per curiam) (appellate timetable runs from day trial court signs whatever
order disposes of any parties or issues remaining before the court).  Although a judgment following a trial on the
merits is presumed to be final, there is no such presumption of finality
following a summary judgment or default judgment.  In re
Burlington Coat Factory Warehouse of McAllen, Inc., 167
S.W.3d 827, 829 (Tex. 2005). 
Certain interlocutory orders, however, are made immediately appealable
by statute.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(West 2008); Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992).[1]  The absence of an appealable order deprives
an appellate court of jurisdiction to consider the appeal. Qwest Communications Corp. v. AT&T
Corp., 24 S.W.3d 334, 336 (Tex. 2000).  

            Here,
the county moved for summary judgment which the trial court granted.  The order expressly references the claims
Garcia asserts against the county.  It
does not mention the claims he asserts against the city and the school district
and we conclude it is not capable of such an interpretation.  Moreover, the order does not come within any
of the limited categories of interlocutory orders made immediately appealable
by statute.  We therefore lack appellate
jurisdiction.  We dismiss Garcias appeal
for want of jurisdiction.[2]  Tex. R. App. P. 42.3(a).

 

                                                                                                James
T. Campbell

                                                                                                            Justice











[1] A trial court may order an interlocutory appeal in a
civil action not otherwise available for interlocutory appeal on the occurrence
of specified conditions. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2008).  Those conditions have not occurred here.





[2]  Because the appeal
is dismissed for want of jurisdiction, we express no opinion on the merits.