NO. 07-03-0437-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 30, 2004

_____

DAVID CAFFERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 98-05-00463-CR; HONORABLE KATHLEEN A. HAMILTON, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea of guilty, appellant David Caffery was convicted of two counts of aggravated sexual assault of a child and sentenced by a jury to concurrent 20 year sentences and $5,000 fines. Presenting three issues, appellant contends the trial court erred (1) in failing to *sua sponte* withdraw his guilty plea and enter a plea of not guilty after

he testified before the jury during the punishment hearing that he had no memory of committing the offenses charged, (2) by directing the jury to find him guilty, and (3) by interviewing the complaining witness and two of the State's other witnesses *in camera* without notice to him or his attorney or without him or his attorney being present prior to deciding to reject a proposed plea bargain and prior to a determination of guilt or innocence. We affirm.

Appellant's contentions require only a brief review of the events in the trial court. Shortly prior to July 25, 2003, the State and appellant reached a plea bargain agreement under which he would plead guilty in exchange for a 10 year sentence. On Friday, July 25, 2003, appellant and his counsel appeared before the court with the State's attorney to "do the plea." While appellant's counsel was appearing in another court, and without knowledge or consent, the trial court conducted an *in camera* interview of the victim and her family members in her chambers out of the presence of the court reporter, State's counsel, or appellant. When counsel returned to the courtroom, the trial court informed counsel that she was aware of the plea bargain, but announced she declined to accept it. The case was then set for trial on punishment the following Monday. On Monday morning when the case was called both sides announced ready. After appellant's plea was received and the signed admonitions and stipulations were admitted into evidence without objection, the case was presented to the jury for punishment.

By his first issue, appellant contends the trial court erred in failing to *sua sponte* withdraw his guilty plea and enter a plea of not guilty after he testified before the jury during the punishment hearing that he had no memory of committing the offenses charged. By his second issue, he contends the trial court erred by directing the jury to find him guilty. Considering these two issues together, we disagree.

In addition to the standard admonishments, appellant signed a stipulation of evidence and judicially confessed the facts alleged in the indictments. These stipulations were verified by his oath administered by the court clerk. Also, the written stipulations and admission of facts signed by appellant were approved by his counsel. Notwithstanding counsel's able briefing, at the time he prepared appellant's brief, he did not have the benefit of Mendez v. State, 138 S.W.3d 334, 350 (Tex.Cr.App. 2004) (en banc), issued on June 30, 2004. The authorities relied on by appellant are not controlling because under *Mendez*, the trial court does not have a duty to change a defendant's plea on its own motion. Issues one and two are overruled.

By his third issue, appellant contends the trial court erred by interviewing the complaining witness and two of the State's other witnesses *in camera* without notice to him or his attorney or without him or his attorney being present prior to deciding to reject a proposed plea bargain and prior to a determination of guilt or innocence. With commendable professional candor, the State does not challenge appellant's assertion of error, but contends the error was not preserved for review. We agree with the State.

3

The trial court informed appellant's counsel of the *in camera* conference with the victim and family members on July 25, 2003. When the case was called for trial,[1] appellant's counsel announced ready and the trial commenced without any objection. Although by his motion for new trial and argument here appellant suggests that the judge should have been recused to hear the case, by his failure to present a motion to recuse, he waived any error. *See* Arnold v. State, 853 S.W.2d 543, 544-45 (Tex.Cr.App. 1993). Similarly, any grounds for mistrial were waived by appellant's failure to move for mistrial before announcing ready. *See* Powell v. State, 502 S.W.2d 705, 711 (Tex.Cr.App. 1973). Issue three presents nothing for review and is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[1]The *in camera* conference by the judge with the victim and family members and the report to counsel of the conference and her decision to reject the plea bargain appears in the reporter's record made during the evidentiary hearing on appellant's motion for new trial.