Salvatore Joseph **DELORO**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. C14–85–521–CR, A14–85–522–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 5, 1986.

Robert G. Turner, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Russel Turberville, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Salvatore Joseph Deloro, appeals from two judgments of conviction for the offense of theft by deception, in an aggregate amount of over ten thousand ($10,000) dollars. On October 27, 1982 appellant entered pleas of nolo contendere, to the court, in each cause. On November 4, 1983 the Court deferred the adjudication of his guilt and placed him on ten (10) years probation. A Motion to Adjudicate appellant's guilt was filed and on June 20, 1985 the court, after hearing, found that he had violated the terms of his probation, in each cause, and proceeded to adjudicate his guilt

and sentenced him to ten (10) years confinement in the Texas Department of Corrections. We affirm.

Appellant presents two grounds of error in which he alleges the trial court erred in: (1) accepting his nolo contendere pleas because they were made without effective assistance of counsel due to a conflict of interest between appellant and his attorneys; and (2) not withdrawing the pleas and allowing a new trial after the conflicts were brought to its attention.

Appellant in his first ground of error asserts that the trial court erred by accepting his nolo contendere pleas. We find that appellant cannot raise this non-jurisdictional defect because of the rule laid down in *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). Where a plea of guilty or nolo contendere is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivations of federal due process are waived.

Appellant in his second ground of error asserts that the trial court erred by not withdrawing his pleas and granting a new trial after the conflict of interest was brought to its attention. Appellant submits that in his motion for new trial filed on August 20, 1985 and again on October 24, 1985 at the hearing on the objection to the record he brought to the court's attention the conflict of interest between himself and his trial attorneys and therefore the court erred in not hearing evidence and finding that there was such a conflict of interest to warrant a new trial. Appellant was sentenced on June 20, 1985 and his motion for new trial filed on August 20, 1985, more than 30 days after sentencing. The trial court was without jurisdiction under article 40.05 of the Texas Code of Criminal Procedure (Vernon Supp.1986) to grant a new trial because it was untimely filed.

However, the nature of both claims, and the argument supporting them, is that appellant's pleas were involuntary by virtue of ineffective assistance of counsel resulting from the conflict of interest. We will therefore overlook the deficiencies in

the grounds of error and review both in the context of a challenge to the voluntariness of his pleas.

The appellant contends that he was deprived of effective assistance of counsel when he entered his original nolo contendere plea because his attorneys were laboring under an inherent conflict of interest with the appellant. The appellant alleges that the conflict of interest arose over three checks appellant used to pay his attorney's fees. These three checks were the basis of the indictment in Cause No. 366,019. The checks were allegedly given to appellant by Mr. Homer Chapin, the complainant in Cause No. 366,019, and endorsed by appellant to his attorneys.

Appellant's trial attorneys, John Pizzitola and Michael Hinton, represented him in Cause No. 357,451. Mr. Pizzitola appeared with appellant on July 15, 1982 for arraignment in Cause No. 357,451. On October 12, 1982, appellant was indicted in Cause No. 366,019 and on October 27, 1982 entered his plea of nolo contendere in both cases. Appellant asserts the attorneys were in conflict between protecting themselves from possible indictment on criminal charges and serving him as vigorous advocates. Appellant also asserts that a second conflict of interest arose with the possibility that the attorneys would have to testify against him about receiving the three checks, if the cases had gone to trial.

On October 27, 1982 appellant appeared with both Mr. Hinton and Mr. Pizzitola for the hearing on his plea. At the end of the hearing, after the Court found that the State had presented sufficient evidence and deferred adjudication of guilt until a presentence investigation was made, Mr. Hinton asked the court to allow him to place a matter on the record:

MR. HINTON: May I have a moment on the record?

THE COURT: Sure.

(Whereupon, Defendant's 1 and 2 were marked for identification.)

MR. HINTON: I have had marked these two instruments, consisting of written material both dated 10–17–82 on yellow legal-size paper as Defendant's 1 and 2, just for identification only.

For the record, prior to your appearance before His Honor, the Court, this afternoon on the plea of nolo contendere, on the two indictments, could you tell the judge just for the record that you had occasion to visit Mr. Pizzitola and I concerning the return of certain moneys in this case to Mr. Chapin, who is the Complainant in one of the indictments.

THE DEFENDANT: Yes.

MR. HINTON: And as a result thereof, do you recognize Defense Exhibits No. 1 and 2 as being the instruments that you signed in two places on Defense 1 and on Defendant's 2 in one place?

THE DEFENDANT: Yes, I do.

MR. HINTON: Is this material contained therein true and correct, to the best of your knowledge?

THE DEFENDANT: Yes, it is.

Mr. Hinton never introduced the two defendant's exhibits into evidence and the record does not indicate if they were shown to the State or the Court. The causes were then reset as to punishment pending a presentence investigation. On November 4, 1983 the court deferred the adjudication of his guilt and placed appellant on ten (10) years probation.

The State filed a Motion to Adjudicate appellants' guilt on December 14, 1984 and on June 20, 1985 the Court, after hearing, found that he had violated his probation and proceeded to adjudicate his guilt and sentenced him to ten (10) years confinement. Appellant filed his Motion for New Trial on August 20, 1985 claiming he was denied effective assistance of counsel, but he admitted his motion was untimely. The Court properly denied his Motion for New Trial on September 4, 1985. Appellant filed an amended designation for additional material, defendants exhibit one (1) and two (2), to be included in the appellate record through a letter to the District Clerk, stating in part:

I hereby request that the following additional material be included by you in preparing the appellate record: (1) Any

statement made and signed by Defendant, Salvatore Joseph Deloro, concerning attorney's fees and certain checks given to Pizzitola, Hinton, and Sussman for attorney's fees under Cause Nos. 357,451 and 366,019.

The two defendants' exhibits were not included in the record and appellant requested a hearing before the Court for it to decide whether to include them in the record. On October 24, 1985 the Court conducted a hearing on the objections to the record. At this hearing appellant's attorney asked the State to stipulate that the two exhibits were the same and the true instruments appellant testified to on October 27, 1982. The State objected to the admission of the documents as being part of the appellate record, in the two cases. The State's attorney did stipulate that they were the two documents alluded to during the proceedings on October 27, 1982 and that he was not disputing the authenticity of the documents. The Court sustained the State's objection but ordered the instruments sealed and sent along with the record so that if the appellate court needs any edification with regards to the testimony regarding the two instruments it could unseal the envelope.

The instruments referred to as defendants exhibit 1 and 2 do not appear to have been introduced as evidence in the two causes and we will not consider them as evidence. *Parker v. State,* 372 S.W.2d 320 (Tex.Crim.App.1963). The matter is not properly before us for review.

■ The appellant asserts in his first ground of error that the Court erred in accepting his nolo contendere pleas because they were made without the effective assistance of counsel due to a conflict of interest between he and his attorneys. We disagree.

A trial court need not initiate an inquiry into a possible conflict of interest unless it knows or reasonably should know that a conflict exists. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Taylor v. State,* 674 S.W.2d 323 (Tex.App.—Waco 1983). The record does not contain proper evidence to support appellants' contention that a conflict of interest existed between him and his attorneys when the Court accepted his nolo contendere pleas. There is no showing of ineffective assistance of counsel. Appellants first ground of error is overruled.

■ The appellant alleges in his second ground of error that the court erred in not withdrawing his nolo contendere pleas and allowing a new trial after the conflicts were brought to its attention. Appellant asserts that his Motion for New Trial should have been granted in which he brought to the court's attention the conflict of interest that existed at the time the pleas were made. The court on September 4, 1985 denied the Motion for New Trial without a hearing. Appellant's attorney then requested the court's permission to present evidence to show that the original nolo contendere pleas on October 27, 1982 were not made voluntarily and that they were made pursuant to ineffective assistance of counsel or counsel that had a conflict of interest. This request was denied by the court.

Appellant further asserts that he again attempted to develop the record concerning the conflict of interest, on October 24, 1985, at the hearing on the objection to the record. At this hearing, appellant attempted to include in the appellate record the two defendant's exhibits that were alluded to at the hearing on his plea on October 27, 1982. The court denied the inclusion of the two defendants' exhibits as part of the record.

We must determine whether the proceedings in the present record indicate that the trial court had the responsibility to make inquiry into the possibility of a conflict between the appellant and his attorneys. It is important to recognize that the issue here is *not* a conflict of interest between two co-defendants being represented by the same attorney. Where an attorney or group of affiliated attorneys is attempting to represent multiple co-defendants with conflicting interests, a trial court has an

obligation to make inquiries into the problem if the problem is brought to the trial court's attention. *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Lerma v. State*, 679 S.W.2d 488, 497 (Tex.Crim.App.1984, Opinion on rehearing). The Fifth Circuit has held that the court has a similar duty when an attorney and a client find themselves in a situation of conflicting interests. *United States v. White*, 706 F.2d 506 (5th Cir.1983). In *White*, however, the record showed that this conflict had been brought to the attention of the trial court, and the Fifth Circuit merely found fault with the adequacy of the inquiry conducted by the trial court. In our case, there was no evidence before the trial court to show that there was a potential conflict between the appellant and attorneys Hinton and Pizzitola. The record does not indicate that the two documents mentioned by counselor Hinton were ever shown to the trial judge. Nor does the record contain any other discussion before the bench on this issue until the hearing held pursuant to the designation of material for the record.

Proper guidance on this issue is found by analogy to *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) and *Lerma, supra.* Addressing a trial court's obligation to make sua sponte inquiries into conflicts between co-defendants, the Supreme Court stated in *Cuyler v. Sullivan:* "Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an an inquiry." As to the need for judicial inquiries when the issue was raised belatedly by appellant's attorney, the following statement from *Lerma* provides the appropriate standard: "We do find that any motion made *after* the trial has ended is untimely." 679 S.W.2d at 497. Appellant's second ground of error is overruled.

■ The conflict of interest issue presented by these cases can be raised for the first time in a post-conviction habeas corpus proceeding. *Ex parte Parkham*, 611 S.W.2d 103 (Tex.Crim.App.1981); *Ex parte Alaniz*, 583 S.W.2d 380 (Tex.Crim. App.1979). There will be two advantages from the standpoint of the reviewing court when this is done: (1) both sides will have a fair opportunity to present material evidence, including the documents under seal as well as sworn testimony from attorneys Hinton and Pizzitola and (2) the trial court can make findings of fact and conclusions of law to aid the appellate court in the resolution of the issues.

Accordingly the judgments of the trial court are affirmed.