**The STATE of Texas, Appellant,**

v.

**Thomas E. MAPP, Appellee.**

**No. B14–88–00338–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 5, 1989.

Calvin A. Hartmann, Houston, for appellant.

Edwin R. Becnel, Houston, for appellee.

PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

This is an appeal from an out of time granting of a new trial based upon newly discovered evidence. We reverse and render.

On July 17, 1987, appellee pled guilty to delivery of a controlled substance, namely cocaine. Punishment was assessed at eight years. On March 17, 1988, eight months after sentencing, appellee filed a "Motion for Rehearing" in the trial court, pro se. The motion alleged that he had been "set up". The trial court appointed counsel who filed an amended Motion for New Trial two weeks later. The basis of the motion was newly discovered evidence based upon an internal investigation by the Houston Police Department of the Southeast Tactical Unit. The investigation discovered corruption in the unit and facts which would show appellee was framed. A hearing was held on March 30, 1988, and the court granted appellee's Motion for New Trial.

The State has the right to appeal the granting of a new trial. TEX.CODE CRIM. PROC.ANN. art. 44.01(a)(3) (Vernon Supp. 1988). Its first two points of error allege the trial court lacked jurisdiction to grant a new trial. Appellee, on the other hand, claims the court properly granted a new trial based on newly discovered evidence in compliance with *Whitmore v. State*, 570 S.W.2d 889 (Tex.Crim.App.1977) (Opinion on Rehearing).

In *Whitmore*, the defendant was alleged to have paid Harold Totty to murder Judy Rummel. Whitmore was tried first and convicted of capital murder on May 30, 1975. Whitmore filed a motion for new trial which was overruled on July 10. Totty was then tried and acquitted on October 4, 1975. Whitmore filed an untimely amended motion for new trial on October 8, 1975. Whitmore's basis was that Harold Totty was not available at the first trial and his availability, therefore, constituted newly available evidence. The Court of Criminal Appeals held as follows:

"In the circumstances of this case our Code of Criminal Procedure provision

governing the time for filing of motions for new trial must yield to the appellant's superior constitutional rights. Accordingly, the appellant's motion for new trial that alleged as grounds newly available testimony should have been granted." *Whitmore*, 570 S.W.2d at 898.

The court found good cause for the late filing of the motion for new trial citing Article 40.05 V.A.C.C.P. At the time of the *Whitmore* decision, Article 40.05 read in part:

"A motion for new trial shall be filed within ten days after conviction ... *but for good cause shown* the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal." Article 40.05 V.A.C.C.P. (1965). [emphasis added].

The finding of good cause in *Whitmore* was addressed in *Drew v. State*, 743 S.W.2d 207 (Tex.Crim.App.1987) which stated:

It should be borne in mind that when Whitmore was decided the trial court retained jurisdiction of the cause until the appellate record was actually filed in the Court of Criminal Appeals. Under the provisions of Article 40.05, supra, then in effect, the trial court could "for good cause shown" extend the time for filing a motion for new trial, and further, under Article 40.09, section 12, V.A.C.C.P., performed an "appellate function" and decided whether to grant a new trial after the filing in the trial of the appellate briefs setting forth the grounds of error to be urged on appeal.

Several other changes have occurred since the *Whitmore* decision was handed down. Article 40.05 was amended in 1981 and now is Rule 31 Tex.R.App.P. which came into effect September 1, 1986. As amended, Article 40.05 read, "(a) A motion for new trial, if filed, shall be filed prior to or within 30 days after the date the sentence is imposed or suspended in open court." Rule 31 states as follows:

(a) Time to File and Amend.

(1) *To File.* A Motion for new trial if filed may be filed prior to, or shall be filed within 30 days after, date sentence is imposed or suspended in open court.

(2) *To Amend.* Before a motion or an amended motion for new trial is overruled it may be amended and filed without leave of court within 30 days after date sentence is imposed or suspended in open court. Tex.R.App.P. Rule 31(a).

The language with regard to extending the time for good cause was removed. This change was addressed by the Court of Criminal Appeals in *Dugard v. State*, 688 S.W.2d 524 (Tex.Crim.App.1985) where it held as follows:

"The statutory method set forth in Article 40.05, as amended in 1981, does not provide for any amendment of the motion for new trial after the said 30 days, even with leave of court. This represents an intentional change of the former statute and requiring the filing and all amending of a motion for new trial within the said 30 days and not thereafter." *Dugard*, 688 S.W.2d at 530.

A similar situation was addressed by this court in *Deloro v. State*, 712 S.W.2d 805 (Tex.App.—Houston [14th Dist.] 1986, no writ) which stated as follows:

"Appellant was sentenced June 20, 1985 and his motion for new trial was filed on Aug. 20, 1985, more than 30 days after sentencing. The Trial Court was without jurisdiction under Article 40.05 of the Texas Code of Criminal Procedure (Vernon Supp.1986) to grant a new trial because it was untimely filed."

This conclusion was upheld by the Court of Criminal Appeals as recently as last year in *Drew*, 743 S.W.2d at 223. The Drew opinion did not directly overrule the much criticized *Whitmore* opinion. It did, however, by implication, limit the Whitmore decision to its facts. We, therefore, need not follow the *Whitmore* decision.

■ When the court lacks jurisdiction, any action taken on a matter is void and should be regarded as if it never existed. *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Crim. App.1980). The trial court lacked jurisdiction in this case. Consequently, we need not review the question of whether the appellant meets the requirements for granting a new trial upon newly discovered evidence. Had appellant not plead guilty

to the charged offense, this case would not be before us.

We sympathize with the defendant. However, we cannot uphold a decision when the court lacked the jurisdiction to entertain the matter. There are other remedies which the appellant can pursue.

Judgment is reversed and rendered.