**Jackie Lynn FOWLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–503–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 31, 1991.

David R. Gutierrez, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Corpus Christi, for appellee.

## OPINION

PER CURIAM.

In this case, appellant attempts to appeal from an order of the trial court denying his motion for new trial which was filed in the trial court while the case was pending on appeal. We will dismiss his appeal.

Appellant was originally convicted of barratry. He appealed his conviction, and the appeal was docketed in this Court as cause number 13–89–521–CR. This Court issued its opinion affirming the conviction on August 31, 1990. We issued the mandate of affirmance on October 26, 1990.

█ After this Court issued its opinion, but before we issued the mandate, appel-

lant filed in the trial court a motion for new trial. Despite Tex.R.App.P. 40(b)(2), the trial court heard and denied appellant's motion.[1] On October 16, 1990, appellant filed a notice of appeal from the trial court's order denying the motion. A copy of that notice of appeal was filed in this Court on December 21, 1990.

On January 7, 1991, a transcript containing the motion for new trial was filed in this Court. On January 8, 1991, the Clerk of this Court notified appellant that the transcript did not appear to contain an appealable order. In response, appellant cited this Court to three cases in support of his position that the trial court had jurisdiction to consider his motion for new trial and that this Court had jurisdiction to consider the appeal. The case most factually similar to appellant's case is *Whitmore v. State*, 570 S.W.2d 889 (Tex.Crim.App.1977).

Appellant's reliance on *Whitmore* is misplaced. *Whitmore* was decided prior to the adoption of the Texas Rules of Appellate Procedure. Under the Code of Criminal Procedure, in effect at the time of Whitmore's trial, the trial court could grant a new trial after the appellate briefs were filed. Under our current Rules, a trial court has no jurisdiction to consider an untimely filed motion for new trial. *See Drew v. State*, 743 S.W.2d 207 (Tex.Crim.App.1987); *Pena v. State*, 767 S.W.2d 206 (Tex.App.—Corpus Christi 1989, no pet.).

Under our current Rules, *Whitmore* is not controlling. *State v. Mapp*, 764 S.W.2d 823 (Tex.App.—Houston [14th Dist.] 1989, no pet.). The trial court lacked jurisdiction to consider appellant's motion. *Mapp*, 764 S.W.2d at 824; *see Roberts v. State*, 784 S.W.2d 430 (Tex.Crim.App.1990).

█ Moreover, a trial court is without jurisdiction to rule on a motion for new trial after the expiration of 75 days from the date which sentenced is imposed in open court. *See State ex rel. Cobb v. God-*

---

1. Rule 40(b)(2) provides: In the appeal of a criminal case when the record has been filed in the appellate court all further proceedings in the trial court, except as provided by law or by these rules, shall be suspended and arrested until the mandate of the appellate court is received by the trial court.

*frey*, 739 S.W.2d 47, 50 (Tex.Crim.App. 1987).

The motion filed by appellant is not recognized in Texas jurisprudence, and the trial court did not have jurisdiction to consider it. This Court does not have jurisdiction to consider an appeal from its denial.

Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION.