Affirmed and Memorandum Opinion filed August 25, 2005









Affirmed and Memorandum Opinion filed August 25, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00114-CR

_______________

 

GARY CHRISTOPHER McCLAIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 941,903

_______________________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

A jury
convicted appellant, Gary Christopher McClain, of murder and assessed
punishment at ninety-nine years= imprisonment.  In two
issues, appellant contends (1) the evidence was factually insufficient for
the jury to conclude he did not cause the death under the immediate influence
of sudden passion arising from adequate cause, and (2) he was denied effective
assistance of counsel at trial.  We
affirm.








I. 
Background

The record reflects that appellant and Helen
Kirklin were involved in a tumultuous romantic relationship.  They frequently argued over money, and
Kirklin had become involved with another man.

On March 9, 2003, appellant drove Kirklin to
church and during the drive they argued about money.  Appellant dropped Kirklin off at church, but
he later returned and persuaded Kirklin to attend a joint counseling session
with the church pastor.  Following the
counseling session, appellant went to his place of business and Kirklin went to
her apartment. 

Appellant testified that while he was at his place
of business, he called his daughter. 
During their conversation, his daughter told him that she did not want
to go to Kirklin=s house
because Kirklin had abused her physically. 
Upset by this information, appellant went to Kirklin=s
apartment and confronted her in the parking lot.  When appellant confronted Kirklin, she was
talking on her cell phone to Jeffrey Van Row. 
According to appellant, Kirklin told appellant that she was talking to
her Anew
boyfriend.@ 


Appellant testified that he asked Kirklin about
mistreating his daughter and Ausing@
him.  According to appellant, Kirklin
responded that she never loved him or his daughter and had only been Ausing@
him.  Appellant stated that at this point
his Amind went
blank,@ and he
went to his trunk and retrieved a gun. 
He then shot Kirklin four times.[1]  Appellant immediately fled the scene.  He contemplated killing himself but later
changed his mind.  Later that week,
appellant turned himself in to the police. 


II. 
Factual Sufficiency








In his first issue, appellant contends that the
evidence is factually insufficient to support the jury=s
negative answer to the issue of whether he caused Kirklin=s death
while under the immediate influence of sudden passion arising from adequate
cause.  

A person commits the offense of murder if he
intentionally or knowingly causes the death of an individual, or intends to
cause serious bodily injury and commits an act clearly dangerous to human life
that causes the death of an individual.  Tex. Pen. Code Ann. '
19.02(b)(1), (2) (Vernon 2003).  At the
punishment phase of trial, a defendant may raise the issue of whether he caused
the death under the immediate influence of sudden passion arising from adequate
cause.  Id. ' 19.02(d).  ASudden
passion@ means
passion directly caused by and arising out of provocation by the individual
killed or another acting with the person killed that arises at the time of the
offense and is not solely the result of former provocation.  Id.
' 19.02
(a)(2).  It is not enough that the
defendant act with Asudden
passion@; the Asudden
passion@ must
arise from Aadequate cause.@  See id. '
19.02(d).  AAdequate
cause@ is cause
that would commonly produce a degree of anger, rage, resentment, or terror in a
person of ordinary temper, sufficient to render the mind incapable of cool
reflection.  Id. '
19.02(a)(1). If the defendant proves the issue of sudden passion in the
affirmative by a preponderance of the evidence, the offense of murder is
reduced from a first degree felony to a second degree felony.  Id. '
19.02(d); see also Hernandez v. State, 127 S.W.3d 206, 211B12 (Tex.
App.CHouston
[1st Dist.] 2003, pet. ref=d) (noting
that defendant bears burden at punishment phase of trial to prove issue of
sudden passion by preponderance of the evidence).








When reviewing the factual sufficiency of evidence
to support a jury=s
negative answer to the sudden passion issue, we review the evidence in a
neutral light to determine whether the negative finding is so against the great
weight and preponderance of the evidence so as to be clearly wrong or
manifestly unjust.  Hernandez, 127
S.W.3d at 212; Naasz v. State, 974 S.W.2d 418, 423 (Tex. App.CDallas
1998, pet. ref=d); see also Nolan v. State,
102 S.W.3d 231, 238B39 (Tex.
App.CHouston
[14th Dist.] 2003, pet. ref=d)
(applying factual sufficiency review to the mitigating factor of release in a
safe place for the offense of aggravated kidnapping).  Our evaluation should not substantially
intrude upon the fact finder=s role as
the sole judge of the weight and credibility of witness testimony.  Naasz, 974 S.W.2d at 423.

Appellant contends the evidence at trial so
clearly established that he had acted under sudden passion arising from
adequate cause that it was manifestly unjust or clearly wrong for the jury to
find that he did not act with Asudden
passion.@  Specifically, appellant points to his trial
testimony that just before he killed Kirklin, he Awent
blank@ when she
told him she never loved him or his daughter, she was using him for financial
gain, and she had another boyfriend to whom she was talking on the telephone.

However, based on the evidence, the jury could
have reasonably concluded that there was insufficient provocation to establish
adequate cause.  Appellant testified that
his relationship with Kirklin had been tumultuous, and he had recently been
trying to end the relationship.  He
testified that he knew Kirklin was having a romantic relationship with another
man, and that Kirklin had cheated on him four other times in the past.  He further testified that prior to his
confrontation with Kirklin, she repeatedly asked him for money and that he was
beginning to think Athe whole
relationship was being centered on money. . . .@  Thus, the jury could have reasonably
determined that the statements allegedly made by Kirklin immediately before the
murder were not new revelations of which appellant was unaware.  See Naasz, 974 S.W.2d at 425 (holding
that jury could have found adequate cause was lacking where the appellant had
previously learned of his wife=s affair,
and the dispute concerning wife=s neglect
of son was not a Anew
occurrence@).  Additionally, during the drive to Kirklin=s
apartment, appellant had sufficient time to reflect on his daughter=s alleged
statements regarding the physical abuse.  









Furthermore, when a defendant instigates a confrontation,
then becomes inflamed by another=s
response, he cannot claim he has been provoked by adequate cause.  Naasz, 974 S.W.2d at 423; Nance v.
State, 807 S.W.2d 855, 861 (Tex. App.CCorpus
Christi 1991, pet. ref=d).  Appellant testified that he went to Kirklin=s
apartment to confront her about mistreating his daughter.[2]  The statements that allegedly provoked
appellant to kill Kirklin resulted directly from this confrontation.  Having instigated a confrontation with
Kirklin, appellant cannot claim that Kirklin=s
response to the confrontation provided adequate cause for his actions.

After reviewing the evidence in a neutral light,
we conclude that the evidence is factually sufficient for the jury to have
rejected that appellant acted under the influence of sudden passion arising
from adequate cause.  Accordingly, we
overrule appellant=s first
issue.

III.  Assistance of Counsel

In his second issue, appellant contends his trial
counsel rendered ineffective assistance because he did not call appellant=s
daughter to testify regarding the alleged abuse by Kirklin.  To prevail on an ineffective assistance of
counsel claim, an appellant must prove by a preponderance of the evidence that
(1) trial counsel=s
performance fell below an objective standard of reasonableness, and (2) there
is a reasonable probability that but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Strickland v. Washington,
466 U.S. 668, 687, 694 (1984).  Any
allegations of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999).  A silent record
usually cannot rebut the presumption that counsel=s
performance resulted from sound or reasonable trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). 








Appellant
attached to his brief a letter from his trial counsel explaining counsel=s reasons for not calling appellant=s daughter to testify.  However, we may not consider this letter
because it was not placed in evidence before the trial court.  See Pollan v. State, 612 S.W.2d 594, 596
(Tex. Crim. App. 1981); Deloro v. State, 712 S.W.2d 805, 808 (Tex. App. CHouston [14th Dist.] 1986, no
pet.).  In the absence of this letter,
there is nothing in the record that explains why appellant=s trial counsel did not call appellant=s daughter to testify.  Thus, there is nothing to overcome the
presumption of sound trial strategy.  See Jackson, 877 S.W.2d at 771 (noting
that record on direct appeal was inadequate to reflect the failings of trial
counsel where the alleged error was an error of omission).  Furthermore, it is possible for counsel to
have had legitimate reasons for declining to call appellant=s daughter to testify. See Ortiz
v. State, 93 S.W.3d 79, 88B89 (Tex.
Crim. App. 2002) (AIf
counsel=s reasons
for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been legitimate trial strategy, we will
defer to counsel=s
decisions and deny relief on an ineffective assistance claim on direct appeal.@).  Accordingly, we find that appellant has failed to satisfy the
first prong of Strickland and overrule appellant=s second issue.

The
judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed August 25, 2005.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant
testified that he shot Kirklin three times, but forensic evidence established
that Kirklin had been shot four times.





[2]  Appellant
testified on direct examination that he went to Kirklin=s apartment to confront her about mistreating his
daughter.  On cross examination he
testified that he wanted to confront her about Aseveral
issues.@