In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-13-00138-CR
_____

BENITA ANN DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Jefferson County, Texas
Trial Cause No. 268776

MEMORANDUM OPINION

A jury convicted Benita Ann Davis of theft and the trial court sentenced Davis to thirty days in jail, but suspended imposition of sentence and placed Davis on community supervision for six months. In two appellate issues, Davis challenges the trial court's denial of her motion for new trial. We affirm the trial court's judgment.

In issue one, Davis contends that the trial court improperly denied her motion for new trial because Juror Sharon Johnson (1) withheld material

1

information, *i.e.*, that she knew Davis and the complaining witness; (2) was biased against Davis; and (3) as presiding juror, was in a position to influence the other jurors. In issue two, Davis argues that Johnson's failure to identify herself deprived Davis of an opportunity to exercise strikes or challenges against Johnson. We review the trial court's denial of a motion for new trial for abuse of discretion. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013).

Davis timely filed her motion for new trial. *See* Tex. R. App. P. 21.4(a). The trial court was required to rule on Davis's motion no later than seventy-five days from December 3, 2009, the date on which sentence was imposed. *See* Tex. R. App. P. 21.8(a). The first hearing on Davis's motion took place on February 5, 2010, within the seventy-five-day window. A second hearing occurred one month later, outside the applicable timeframe. At this hearing, the trial court found that Davis's motion was overruled by operation of law. *See Fowler v. State*, 803 S.W.2d 848, 849 (Tex. App.—Corpus Christi 1991, no pet.) ("[A] trial court is without jurisdiction to rule on a motion for new trial after the expiration of 75 days from the date [on] which sentence[] is imposed in open court."). Because the second hearing occurred after the applicable time period had expired, the facts developed at the March hearing cannot be considered on appeal. *See Parmer v. State*, 38 S.W.3d 661, 667 (Tex. App.—Austin 2000, pet. ref'd).

During voir dire, the trial court asked the jury panel if anyone knew Davis, but no one responded. At the February hearing on her motion for new trial, Davis testified that she told someone sitting at the defense table that Johnson looked familiar, but when she saw the list of names, she did not recognize anyone's name. Davis did not ask her attorney to question Johnson about whether they knew each other. Davis testified that she knew Johnson by the name Lisa Sims, and that name was not on the jury list. Further, Johnson was wearing a wig, and it had been several years since Davis had seen her. Davis finally identified Johnson when she heard Johnson speak at the end of trial.

Davis testified that she grew up in the same neighborhood as Johnson; that Johnson was a patron at a store where Davis worked; that Davis's step-daughter Jessica Jones had lived with Johnson and was friends with Johnson; that Johnson had visited Davis's home; and that Johnson formerly worked with the complaining witness at a night club. According to Davis, Johnson had once intervened in a fight between Davis and Jones. Davis testified that Johnson thought of Davis as "mean" and Davis felt there were some ill feelings present. Davis did not understand why Johnson did not reveal that she knew Davis. Davis believed that she would have remembered Johnson had Johnson acknowledged knowing Davis during voir dire. Davis believed that Johnson was biased or prejudiced against her, and she

3

explained that she would have sought to have Johnson removed from the jury panel.

Johnson testified that she has been known as "Lisa Sims." She recalled the trial court asking whether any of the potential jurors knew Davis, and she testified that she did not acknowledge knowing Davis. She explained that she did not recognize Davis when the trial court questioned the venire panel. Johnson further testified that she has seen Davis, but does not actually know Davis. She did not remember Davis working in a local convenience store, denied knowing that Jones is Davis's step-daughter, claimed that she and Jones did not get along, and did not recall being involved in an argument between Jones and Davis. Johnson testified that she knows the complaining witness from middle school and that the trial was the first time she had seen the complainant since middle school. Johnson denied working at a night club.

Johnson testified that she eventually recognized Davis and, after the case concluded, she asked her husband about Davis. Johnson admitted volunteering to be the jury foreman, but denied attempting to influence the other jurors or telling the other jurors that she knew either Davis or the complaining witness. She testified that she has nothing against Davis and is not biased or prejudiced against Davis. Johnson denied having any independent knowledge of the facts involved in

4

Davis's trial. She believed that she viewed the evidence fairly and was not prejudiced against anyone.

"When a juror withholds material information in the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury." *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995). To establish juror misconduct, the complaining party must show that the juror withheld material information during voir dire, despite due diligence exercised by the complaining party. *Franklin v. State*, 138 S.W.3d 351, 355-56 (Tex. Crim. App. 2004). Material information is that which has a tendency to show bias. *Id*. at 356.

Davis bore the burden of asking questions during voir dire to elicit any information which might indicate Johnson's inability to be impartial and truthful. *See Armstrong*, 897 S.W.2d at 363-64. The record contains evidence suggesting that Davis thought Johnson appeared familiar during the jury selection process, but failed to bring this matter to her attorney's attention for further questioning. Thus, any material information that Johnson failed to disclose was not actually "withheld." *See id*. at 364. Nor does the record indicate that the complaining witness was present during voir dire for the jury panel to identify or that the panel as a whole was asked if anyone knew the complaining witness. Moreover, a juror's

5

knowledge of a defendant or a witness, standing alone, does not demonstrate a potential for bias. *See Reyes v. State*, 30 S.W.3d 409, 412 (Tex. Crim. App. 2000); *see also Anderson v. State*, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982). The evidence before the trial court demonstrated, at most, a tangential relationship between Davis and Johnson. *See Anderson*, 633 S.W.2d at 854 (Evidence of bias exists when a juror admits that he is biased for or against the defendant or admits resentment towards the defendant because of prior contact with the defendant.). Because we cannot conclude that Johnson withheld material information during the voir dire process, we overrule Davis's two issues and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 31, 2014
Opinion Delivered April 23, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

6