

NUMBER 13-13-00320-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

COREY SATTERWHITE
A/K/A CORY SATTERWHITE,                                    Appellant,

v.

STATE OF TEXAS,                                                      Appellee.

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

A Nueces County jury found Corey Satterwhite a/k/a Cory Satterwhite guilty of one

count of aggravated assault, a second degree felony, *see* TEX. PENAL CODE ANN. § 22.02

("Aggravated Assault") (West 2011), and one count of assault (family violence), a third

degree felony, *see id.* § 22.01(b) ("Assault") (West Supp. 2013), and after finding that Satterwhite had been previously convicted of two prior felonies, as alleged by the State in the indictment, the jury assessed two forty year prison sentences, pursuant to the habitual felony offender statute. *See id.* § 12.425 (West Supp. 2013) ("Penalties for Repeat and Habitual Felony Offenders on Trial for State Jail Felony").

Satterwhite now appeals his convictions by a single issue in which he contends that the trial court abused its discretion by setting his motion for new trial for an evidentiary hearing to be held more than seventy-five days after the court imposed sentence in open court. *See* TEX. R. APP. P. 21.8 ("The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court."). As set forth below, we conclude that this issue was not preserved by a timely objection, and therefore, we affirm the trial court's judgment.

## I. DISCUSSION

Satterwhite was sentenced on May 9, 2013. He filed his motion for new trial on June 3, 2013. On June 10, 2013, the trial judge signed an order setting Satterwhite's motion for a hearing to be held on August 16, 2013, more than seventy-five days after the court imposed the sentence. On the day of the hearing, the trial court noted that the motion had been overruled by operation of law and the court no longer had jurisdiction to consider the motion. *See* TEX. R. APP. P. 21.8(c); *State v. Holloway*, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012) ("These deadlines . . . have jurisdictional significance."); *State v. Moore*, 225 S.W.3d 556, 569 (Tex. Crim. App. 2007) ("[T]he trial court's authority to rule on a motion for new trial extends to the seventy-fifth day (so long as a timely original motion for new trial is filed on or before the thirtieth day) after sentence is imposed or

suspended in open court."); *State ex rel Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987) ("Any action on the motion by the trial court after this time expired would have constituted a nullity.") (quoting *Meek v. State*, 628 S.W.2d 543, 547 (Tex. Crim. App. 1982)); *Fowler v. State*, 803 S.W.2d 848, 849 (Tex. App.—Corpus Christi 1991, no pet.) (per curiam) ("[A] trial court is without jurisdiction to rule on a motion for new trial after the expiration of 75 days from the date which sentence[ ] is imposed in open court.").

Given that Satterwhite did not object to the untimely setting, his complaint in this appeal has not been preserved for our review. *See Baker v. State*, 956 S.W.2d 19, 24–25 (Tex. Crim. App. 1997) (en banc) ("By failing to object to the untimely setting, Appellant has failed to preserve his complaint that the trial judge should have held a timely hearing."); *Crowell v. State*, 949 S.W.2d 37, 38 (Tex. App.—San Antonio 1997, no pet.) ("When a motion for new trial is presented to the trial court, the burden of ensuring that the hearing thereon is set for a date within the trial court's jurisdiction is properly placed on the party presenting the motion."). Accordingly, we overrule Satterwhite's sole issue on appeal.

## II. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of May, 2014.

3