In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00362-CR**
_____

**JOSE DIEGO CRUZ-ESCOBAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-03-03342-CR**

**MEMORANDUM OPINION**

Jose Diego Cruz-Escobar was convicted in Trial Cause Number 14-03-03342-CR of four counts of aggravated sexual assault of a child, and four counts of indecency with a child by sexual contact. We affirmed the trial court's judgments. *See Cruz-Escobar v. State*, Nos. 09-14-00202-CR through 09-14-00209-CR (Tex. App.—Beaumont Mar. 4, 2015, no pet.) (mem. op., not designated for publication). Long after our mandate issued, Cruz-Escobar filed a motion asking the trial court for leave to file a mandamus petition to address errors that he claimed occurred in

1

the trial. On August 14, 2018, the trial court denied the motion for want of jurisdiction. Cruz-Escobar filed a notice of appeal. On September 26, 2018, we notified that parties that the order identified in the notice of appeal was neither a final judgment nor an appealable order.

"The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008). A defendant's general right to appeal under article 44.02 of the Texas Code of Criminal Procedure has always been limited to appeal from a final judgment. *Id.* at 697 n.8; *see also* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2018).

Furthermore, the Court of Criminal Appeals has exclusive authority to release from confinement persons who have been finally convicted of felonies in this State. *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985). When a conviction is affirmed on appeal the trial court has limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute. *State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002). Absent the grant of habeas relief by the Court of Criminal Appeals, the trial court lacks jurisdiction to rule on a motion for new trial more than 75 days after sentence is imposed in open

court. *See Fowler v. State*, 803 S.W.2d 848, 849 (Tex. App.—Corpus Christi 1991, no pet.).

Because Cruz-Escobar is not appealing from a judgment of conviction or an otherwise appealable order, we lack appellate jurisdiction. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Accordingly, the appeal is dismissed for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on October 23, 2018
Opinion Delivered October 24, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

3